**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LANCE A. JOHNSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>                    Defendants. | Case No. 2:09-cv-01807-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

       This matter is before the court on Plaintiff's Amended Complaint (Dkt. #4). Plaintiff is proceeding *pro se* and *in forma pauperis.*

       The court must screen the Amended Complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint alleges that Defendants do not have the original or conformed copies of his loan documents, and he requests Defendants present the original loan documents to him and to the court for inspection.  Plaintiff also alleges that Defendants have "defrauded Nevada, Nevada taxpayers, Nevada, Nevada citizens, Nevada government, et al. out of their rightfully due 'public' recording fees in an unlawful attempt to unjustly enrich Defendants at the cost and expense of Nevada, Nevada taxpayers, Nevada body politic, Nevada citizens, and Nevada government."  Amended Complaint at 6:16-21.  Plaintiff requests the court order Defendants to "reimburse Nevada the public recording fees due."  *Id.* at 7:16-19.

Although it is not entirely clear how Plaintiff's Amended Complaint invokes federal jurisdiction, the court assumes Plaintiff is attempting to state a claim for wrongful foreclosure based upon Defendants' failure to maintain Plaintiff's original loan documents.  Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status.  *See, e.g., U .S. Bank N.A. v. Phillips*, 852 N.E.2d 380 (Ill. App. Ct. 2006); *The Frances Kenny Trust v. World Savings Bank FSB*, 2005 WL 106792 (N.D.Cal. Jan. 19, 2005); *Alcorn v. Washington Mutual Bank, F.A.*, 111 S.W.3d 264 (Tex. App. 2003); s*ee also Stations West, LLC v. Pinnacle Bank of OR*, 338 Fed. Appx. 658 (9th Cir. 2009).

Furthermore, Plaintiff may not maintain an action on behalf of "Nevada, Nevada taxpayers, Nevada, Nevada citizens, [or] Nevada government" for fraud based upon Defendant Wells Fargo's collection of a fee to record loan documents.  Criminal charges for fraud are brought by state or federal government's prosecuting offices and not by private parties.  Plaintiff cannot act as a private attorney general.

/ / /

Having reviewed and considered the matter,

**IT IS RECOMMENDED** the Plaintiff's Amended Complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 22nd day of August, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.